**Kevin ARMSTRONG et al., Plaintiffs,**

v.

**Donald J. O'CONNELL et al., Defendants.**

**No. 65–C–173.**

United States District Court,
E. D. Wisconsin.

Feb. 26, 1976.

Lloyd A. Barbee, Milwaukee, Wis., for named plaintiffs.

Irvin B. Charne, Milwaukee, Wis., for the absent members of the plaintiff classes.

L. C. Hammond, Jr., Ross R. Kinney and Patrick W. Schmidt, Milwaukee, Wis., for defendants.

MEMORANDUM OPINION
AND ORDER

REYNOLDS, Chief Judge.

On February 19, 1976, counsel of record in the above-captioned action filed a "Stipulation as to Record on Appeal"

with the clerk of this court pursuant to Rule 11(f) of the Federal Rules of Appellate Procedure and Circuit Rule 20 of the Rules of the United States Court of Appeals for the Seventh Circuit. According to the terms of that document, the clerk was directed to transmit to the court of appeals, for purposes of an appeal presently pending in that court, certain parts of the district court's file in this case, to wit: the original complaint and answer; the amended complaint and answer to the amended complaint; the transcript of trial proceedings; all exhibits offered and/or received into evidence; and the decision and order and the partial judgment of this court dated January 19, 1976.

Also on February 19, 1976, defendants' counsel filed a "Designation of Additional Documents to be Contained in Record," which document directed the clerk of court to transmit to the court of appeals for purposes of the same pending appeal two additional items appearing in the district court's file in this case: defendants' proposed findings of fact and conclusions of law (Volumes 1 and 2), and plaintiffs' proposed findings of fact and conclusions of law.

On February 20, 1976, plaintiffs' counsel moved this court for an order declaring that the items contained in the defendants' designation are not properly part of the record on appeal in this case. In light of the fact that the record is due to be transmitted to the court of appeals shortly, the parties were requested to brief this motion on an expedited basis. On the basis of those briefs, the Court has concluded that the plaintiffs' motion must be denied.

Plaintiffs base their motion on that part of Rule 10(e) of the Federal Rules of Appellate Procedure which provides that "[i]f any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth." That same section goes on, however, to state that "[a]ll other questions as to the form and content of the record shall be presented to the court of appeals."

A fair reading of Rule 10(e) reveals a scheme in which the district court is empowered to resolve those disputes which go to the accuracy of the record, but in which plenary power to decide questions as to the form of the appellate record and the scope of its contents is reserved to the court of appeals. This scheme is in accordance with sound judicial policy and common sense, since the district court is ill-equipped to decide fine points of appellate procedure and possesses special expertise only with respect to determinations as to what actually transpired in the proceedings before it.

■ The view that the district court is limited to resolving what are essentially disputes as to the *factual* accuracy of the record is in accordance with the position taken by a leading authority in this area, Moore's Federal Practice. In a section entitled "Power of the District Court to Settle Disputes Respecting the Correctness of the Record," Professor Moore states:

> " * * * Illustrative of situations in which a party should seek correction of the record in the district court are: a conflict between the party's recollection of events and the record of those events in the reporter's transcript; the failure of the transcript to disclose events that the party contends occurred in the district court; the presence in the file of papers that were not in fact presented to the district court." 9 Moore's Federal Practice ¶ 210.08[1], at 1639 (2d ed. 1975).

Of course, questions of factual accuracy shade ineluctably into questions of legal significance. The distinction between the two is further blurred by the fact that in the ofttimes fictitious realm of the law, something may in fact have occurred, yet, for purposes of the law, be treated as if it had not occurred, since what did occur is without legal significance. But it is clear that a resolution of such subtle questions is not within the

province of the district court judge under Rule 10(e):

"   *   *   *   If a party is of the view that matters appearing of record are in fact not a part thereof because they were not presented to the district court, he may seek a ruling on the point from the district judge under the authority of Rule 10(e). If the judge agrees, he should so state for the guidance of the court of appeals. But the district judge cannot declare matters which actually occurred before him to be not matters of record simply because he considers them to be without legal significance. The record must disclose what happened below. The consequences that attach to happenings are for the court of appeals to determine." 9 Moore's Federal Practice ¶ 210.08[1], at 1644 (2d ed. 1975).

█ The plaintiffs do not contend that the documents in question were not filed with the court, nor do they appear to dispute the genuineness of such documents. Rather, plaintiffs' position appears to be that these proposed findings of fact and conclusions of law are neither pleadings, testimony, nor exhibits, but merely in the nature of argument to the court as to what facts were established by the evidentiary record. Plaintiffs correctly state that the proposed findings of fact and conclusions of law are not evidence, and that the Court's findings of fact and conclusions of law are not and could not be based thereon. For purposes of clarity, it will perhaps be helpful if this Court stated just what use was made of those documents.

At the conclusion of the trial in this case on January 31, 1974, the Court was faced with over 4,400 pages of testimony transcript and in excess of 1,000 documentary exhibits. The Court enlisted the assistance of counsel in the task of digesting this mass of evidence by directing the defendants to prepare proposed findings of fact and conclusions of law with the right of the plaintiffs to file comments and additions thereto. In hindsight, this procedure was of somewhat limited utility. The proposed findings of fact submitted by the parties were poorly organized and inextricably ridden with "factual findings" that were little more than ill-disguised legal conclusions. It was accordingly impossible for this Court to adopt verbatim any significant portion of the proposed findings. Instead, the Court used these findings as a very rough guide to the evidence in the case. In some instances the proposed findings constituted useful narratives or synopses of detailed and complicated statistical evidence. In other instances the proposed findings either misstated elementary empirical facts and/or factual conclusions to be drawn therefrom, or failed to mention altogether evidentiary matters which the Court deemed to be significant and relevant. In essence, the Court's findings of fact and conclusions of law were prepared *with the assistance of* the proposals submitted by the parties, but they were *not based upon* those documents.

While the parties may well disagree as to the legal significance or import to be attached to the foregoing facts, it cannot be said that any question of empirical fact as to the existence or authenticity of these documents or their presentation to this Court is thereby presented for this Court's consideration. In the absence of a dispute as to "whether the record truly discloses what occurred in the district court," there is nothing for this Court to decide.

In support of their motion, plaintiffs have cited language in two cases—*United States v. Forness,* 125 F.2d 928, 942 (2d Cir. 1942), and *American Elastics, Inc. v. United States,* 84 F.Supp. 198, 199 (S.D.N.Y.1949)—to the effect that proposed findings of fact and conclusions of law are not properly part of the record on appeal. Although there may well be merit to the plaintiffs' position on this matter, it is quite clearly a question relating to the "form and content" of the appellate record and thus suitable for presentation to and disposition by the court of appeals. The parties' proposed findings of fact and conclusions of law are not evidence, and the findings of

828

fact and conclusions of law were not based upon, nor can they be sustained on appeal by reference to, those documents. But as a matter of empirical fact, they were filed with and presented to the trial court. The Court accordingly concludes that it would be improper for it to grant the relief plaintiffs request.

For the foregoing reasons,

IT IS ORDERED that plaintiffs' motion for an order declaring that the items contained in the defendants' "Designation of Additional Documents to be Contained in Record" are not properly part of the record on appeal in this case shall be and it hereby is denied.