In re SACO LOCAL DEVELOPMENT CORP., Leather Comfort Corporation, Kirstein Leather Co., d/b/a Saco Tanning Corp., Kirstein Split Corporation, Debtors.

SACO LOCAL DEVELOPMENT CORP., Leather Comfort Corporation, Kirstein Leather Co., d/b/a Saco Tanning Corp., Kirstein Split Corporation, Plaintiffs,

v.

ARMSTRONG BUSINESS CREDIT CORP., M. Aschheim Co., Inc., Economic Development Administration, City of Saco, Lazere Financial Corporation, Maine Guaranty Authority Mutual Life Insurance of New York, Defendants,

Creditors' Committee, Intervenor,

J. W. Penney, Intervenor.

Bankruptcy Nos. 281–00151 to 281–00154. Adv. No. 281–0043.

United States Bankruptcy Court, D. Maine.

Aug. 5, 1981.

See also, Bkrtcy., 10 B.R. 649.

Gerald S. Cope, Portland, Me., Alan L. Lefkowitz, Gaston, Snow & Ely Bartlett, Boston, Mass., for debtors.

George Marcus, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., Jon D. Schneider, Goodwin, Proctor & Hoar, Boston, Mass., for Armstrong Business Credit Corp.

Frederick G. Fisher, Jr., Mark Polbaum, Hale & Dorr, Boston, Mass., for M. Aschheim Co., Inc.

Mark Terison, Asst. U.S. Atty., Portland, Me., for Economic Development Administration.

Ronald Ayotte, Saco, Me., for City of Saco.

George Marcus, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for Lazere Financial Corp.

Charles H. Abbott, Lewiston, Me., for Maine Guaranty Authority and Mutual Life Insurance of New York.

Andrew Cadot, Portland, Me., for J. W. Penney & Co.

Gregory Tselikis, Charles Miller, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for Creditors' Committee.

U. Charles Remmel, III, Kelly, Remmel & Zimmerman, Portland, Me., Barry Portnoy, Sullivan & Worcester, Boston, Mass., for NKL Tanning.

P. Benjamin Zuckerman, Verrill & Dana, Portland, Me., for Saco Leather.

## MEMORANDUM DECISION REGARDING RECORD ON APPEAL

FREDERICK A. JOHNSON, Bankruptcy Judge.

On April 13, 1981, this Court entered an Order authorizing the sale of substantially all of the Debtors' assets to NKL Tanning, Inc. (NKL).

Two appeals were taken from that Order to the Bankruptcy Appellate Panel.[1] On April 14, 1981, Defendant M. Aschheim Co., Inc. (Aschheim) filed its notice of appeal and on the next day, April 15, 1981, Saco Leather Products, Inc. (Saco Leather), an unsuccessful bidder, filed a notice of appeal.

■ Objections to the appellant's designation of the contents for inclusion in the record on appeal have been filed with this court in each appeal.[2]

---

1. The Circuit Council for the First Circuit has ordered the designation of Appellate Panels for this district pursuant to 28 U.S.C. § 160.

2. NKL, the successful bidder, has also moved to strike Saco Leather's designation and dismiss its appeal on the ground that its designation and statement of the issues was not filed within 10 days after filing its notice of appeal as required by Appellate Rule 7 [First Circuit Rules Governing Appeals from Bankruptcy Judges to District Courts and Appellate Panels.] Clearly, such motion must be addressed to the Appellate Panel. Appellate Rule 2(a)(1). Armstrong Business Credit Corp. and Lazere Financial Corp. (Armstrong) have also moved to strike Saco Leather's designation.

Each appellant argues that the Bankruptcy Court has no jurisdiction or authority to resolve the dispute concerning the record on appeal and that, in any event, the matters designated by it are properly part of the record on appeal.

The court concludes that it does have jurisdiction, in the first instance, to resolve disputes involving what constitutes the record on appeal and that in this proceeding both appellants have designated as part of the record matters that were not presented to the court or considered by the court in issuing its Order dated April 13, 1981.

## DISCUSSION

### I. *Jurisdiction*

Appellants object to this Court's exercising jurisdiction to resolve disputes concerning what constitutes the record on appeal. They contend that the language of Appellate Rule 7 grants them absolute discretion to designate whatever they choose for inclusion in the record on appeal and that Appellate Rule 8 requires the Clerk of the Bankruptcy Court to transmit whatever items are designated to the Clerk of the Appellate Panel.

■ While the bare language of Appellate Rule 7 does provide that the appellant shall designate "the contents for inclusion in the record on appeal" and that the "record shall include the contents so designated"[3] and Appellate Rule 8 does require the Bankruptcy Clerk to transmit the record on appeal to the Appellate Clerk, these rules cannot reasonably be interpreted to grant absolute discretion to the parties.

In light of the history of Bankruptcy Rule 806, the predecessor to Appellate Rule 7, and in appreciation of the practicalities of judicial procedure, Appellate Rule 7 must be read as implicitly limiting "the contents" which the appellant may designate to material which has been presented to or considered by the Bankruptcy Court in the course of reaching the decision from which the appellant is appealing.[4]

■ Collier's commentary on Bankruptcy Rule 806, from which Appellate Rule 7 is adopted virtually verbatim, notes that although the Rule doesn't expressly provide a means of correcting the record, Rule 10(e) of the Federal Rules of Appellate Procedure "would probably apply." *See* Collier, 14th ed., Vol. 13 ¶ 806.03. This Court is of the view that we should look to Rule 10 of the Federal Rules of Appellate Procedure guidelines in interpreting Appellate Rule 7. *See In re W. T. Grant Co.*, 432 F.Supp. 105 (S.D.N.Y.1977).

Under Rule 10(e) of the Federal Rule of Appellate Procedure the trial court is authorized to correct the record on appeal when a dispute arises as to whether the record truly disclosed what occurred in the trial court. Thus, Moore's *Federal Practice* recommends that a party should seek correction of the record in the district court when there are papers present in the file which "were not in fact presented to the district court." *See* 9 Moore's *Federal Practice* ¶ 210.08[1] at 10–47 n. 6, citing *Belt v. Holton*, 197 F.2d 579 (D.C.Cir. 1952); *United States v. Brookhaven*, 134 F.2d 442, 447 (5th Cir. 1943). This procedure establishes "an appropriate device for having the district court declare that certain matters were not before it." 9 Moore's *Federal Practice* ¶ 210.08[1] at 10–47 n. 6.

Rule 10(e) of the Federal Rules of Appellate Procedure presents a sensible and tested procedure for resolving disputes regarding the contents of the record on appeal which arise under Appellate Rule 7. After

---

**3.** Appellate Rule 7 provides that the record shall also include any other papers designated by the appellee within 7 days of the appellant's designation plus "the findings of fact, conclusions of law and orders entered thereon."

**4.** Most courts interpreting Bankruptcy Rule 806 have held that it precludes the appellant from adding extraneous matter to the record on appeal. *See In re W. T. Grant Co.*, 6 B.R. 762, 770 (Bkrtcy. J.S.D.N.Y.1980); *In re Castle Village Company*, 3 B.C.D. 883 (Bkrtcy. J.S.D.N.Y. 1977), reversed (unpublished opinion, S.D.N.Y., January 27, 1978 Brient, N. J.); *In re W. T. Grant Co.*, 432 F.Supp. 105, 107 (S.D.N.Y. 1977); *In re M & M Transportation Co.*, 437 F.Supp. 821, 823, n. 3 (S.D.N.Y.1977).

the Bankruptcy Court has corrected or modified the record in accordance with its views the Appellate Panel, "on proper suggestion or on its own initiative," if it deems it necessary, may direct that a supplemental or corrected record be certified and transmitted in accordance with Rule 10(e) F.R. A.P. In making its decision the Appellate Panel will have the views of the Bankruptcy Court as to what should be included in the record on appeal.[5]

Having determined that it does have jurisdiction to correct or modify the record on appeal the Court will now consider the designations filed by each appellant.

## THE ASCHHEIM APPEAL

Aschheim has designated for inclusion in the record on appeal the deposition of Irving Backman, principal of NKL, dated April 1, 1981 and the deposition of Daniel Turkanis, President of the Debtors, dated April 3, 1981. It also designates a brief filed with the Appellate Panel in support of its emergency motion for stay pending appeal. These items have been objected to by NKL, the Debtors and Armstrong.

■ It is obvious that the brief filed with the Clerk of the Appellate Panel cannot possibly be part of the record on appeal. It was never presented to this Court and it is difficult to perceive how the Clerk of the Bankruptcy Court can transmit it to the Clerk of the Appellate Panel as he is required to do by Appellate Rule 8.

■ The two depositions designated by Aschheim were not filed with this Court until May 19, 1981, more than a month after entry of the Order appealed from. They were never offered into evidence by any party during several days of hearings regarding the proposed sale. It is clear that they cannot be part of the record on

appeal. *See In re Andersen & Co.*, 621 F.2d 37, 39 (1st Cir. 1980); 9 Moore's *Federal Practice* ¶ 210.04[1] at 10–16.

## THE SACO LEATHER APPEAL

■ Saco Leather has designated numerous items from the main Chapter 11 case which were not offered into evidence by any party in the adversary matter under appeal. Ordinarily these would not properly be part of the record on appeal.[6] However, because some of the items, especially those documents dealing with borrowing by the Debtors in an effort to continue their operation, were considered by the Court in its decision, they will be included with the record on appeal.

■ Other items out of the main case, designated by Saco Leather, were not considered by the Court in reaching its decision on the matter under appeal and, therefore, should not be part of the record. However, these items were on file at the time and the Court, of course, was aware of them. These items will be transmitted to the Clerk of the Appellate Panel as a separate package so that the Appellate Panel will have the items, together with this Court's views with regard to them. The Appellate Panel then may rule on the legal significance of the items. *See* Moore's *Federal Practice* ¶ 210.08[1]; *Armstrong v. O'Connell, et al.*, 408 F.Supp. 825 (E.D.Wis.1976). Specifically, the following items will be transmitted to the Clerk of the Appellate Panel as a separate package.[7]

I.A.2 Motion of M. Aschheim Co., Inc. for Appointment of a Trustee filed on or about March 30, 1981.

I.A.3 Request of Creditors' Committee for Appointment of a Trustee or Examiner filed on or about March 30, 1981.

---

5. In addition to promoting sound and efficient judicial administration by relieving Appellate Panels of the burden of resolving frivolous designations of overzealous counsel at the very outset of an appeal, the proposed procedure will relieve the bankruptcy clerk from the burden of assembling and transmitting unnecessary records to the Appellate Panel.

6. The record on appeal from a bankruptcy court order "should contain all documents and evidence bearing on the proceeding below and considered by the bankruptcy judge in reaching his decision." *In re W. T. Grant Co.*, 432 F.Supp. 105, 106 (S.D.N.Y.1977) citing *In re Warren*, 1 C.B.C. 87 (S.D.Ohio 1974).

7. Each item is numbered to correspond with Saco Leather's designation.

**230**

I.A.6 Motion to Dismiss Chapter 11 Petitions or Convert to Chapter 7 filed by M. Aschheim Co., Inc. on or about March 2, 1981.

I.A.9 Joint Application of Kirstein Leather Co. and Kirstein Split Corporation for Authority to Use Cash Collateral pursuant to § 363(c)(2)(B) filed on or about April 7, 1981.

■ Saco Leather has also designated items from another adversary proceeding which arose out of this Chapter 11 case; *NKL Tanning Co., Inc. v. Saco Leather Products Co., Inc. et al.*, Adversary No. 281–0049. Ordinarily items from another adversary proceeding should not be part of this record on appeal. However, because part of the hearing on April 10th involved both adversary proceedings, they are included in the record on appeal. It should be made clear, however, that none of the items in Adversary No. 281–0049, including the pleadings and evidence, were considered by this Court in reaching its decision in the matter under appeal.

■ Saco Leather has also designated material from another adversary matter; *Creditors' Committee v. Daniel Turkanis et al.*, Adversary No. 281–0052. Because this adversary matter is so closely related to the proceeding under appeal, this material is included in the record on appeal.

Saco Leather has also designated:

Any and all transcripts of any depositions and any examinations of designated persons pursuant to Bankruptcy Rule 205;

The only depositions or transcripts of Rule 205 hearings filed in this case are those discussed above in connection with Aschheim's appeal. They are not properly part of the record on appeal. They were not offered into evidence by any party during the trial or otherwise seen or considered by this Court. *In re Andersen, supra;* Moore's *Federal Practice, supra.*

An appropriate order will be issued.