In re **FOOD FAIR, INC.,** Debtor.

**FOOD DISTRIBUTION CENTER (a Pennsylvania Corporation),**

v.

**FOOD FAIR, INC.,** Debtor.

**Bankruptcy No. 78 B 1765.**

United States Bankruptcy Court, S. D. New York.

Nov. 25, 1981.

Levin & Weintraub, New York City, for debtor.

Harris D. Leinwand, New York City, for Food Distribution Center.

## MEMORANDUM AND ORDER

JOHN J. GALGAY, Bankruptcy Judge.

Food Fair, Inc., (Food Fair) and T. Warehouse Corp., (TW), appellees in the above captioned case, have moved to designate in the record on appeal from Orders of this Court an agreement to which Food Distribution Center (FDC), appellant, is a party. After determining that this Court does have the jurisdiction, in the first instance, to resolve disputes regarding the record on appeal, this Court concludes that the FDC Agreement should be part of the record.

FDC is appealing two orders (Orders) of this Court concerning the disposition of a lease (prime lease) between Food Fair and FDC for a warehouse located in Philadelphia, Pennsylvania. By an order of October 3, 1980, this Court approved the assignment of the prime lease by Food Fair to TW. FDC took an appeal from that order and obtained a stay of the order pending the appeal. On March 5, 1981, this Court approved the sublease of the warehouse from Food Fair to TW, the consideration of $700,000 to be held in escrow. FDC, Garden State Farms, Inc., and Procacci Bros. Sales Corp. (the latter two hereinafter termed "the Procacci Corporations") took an appeal from this order. The Procacci Corporations are disappointed bidders for the warehouse lease. Although the parties disagree over whether a stay of the March 5th order was obtained by FDC, Food Fair avers that the sublease has been consummated. Appeals from both Orders are now before the United States District Court. Throughout these proceedings, FDC has asserted that Food Fair breached the prime lease and that FDC may terminate that lease. Adversary proceedings on that issue and related issues remain before this Court.

By an agreement dated April 23, 1981, (FDC Agreement) the Procacci Corporations are paying all costs, including expenses and legal fees, of FDC in all legal proceedings concerning the lease, including past costs and expenses. Food Fair alleges that the arrangement is champertous and that the appeals from this Court's Orders are being champertously maintained. The FDC agreement was not entered until after the Orders on appeal were issued by this Court. This Court did not consider the FDC Agreement before issuing the Orders. However the FDC Agreement is now before this Court in adversary proceedings regarding the lease. Those proceedings are closely related to the Orders on appeal.

Food Fair has moved to enlarge the time, under Bankruptcy Rule of Procedure (Bankruptcy Rule 906),[1] to designate the

---

1. Bankruptcy Rule 906, in pertinent part, states:

(b) Enlargement. When by these rules or by a notice given thereunder or by order of court

FDC Agreement for the record on appeal. Food Fair moves under Bankruptcy Rule 906(b)(2) because the time to designate the record under Bankruptcy Rule 806[2] has expired. Bankruptcy Rule 906 requires a showing of excusable neglect under such circumstances. Food Fair seeks to satisfy that requirement by asserting that it did not procure a copy of the FDC Agreement until July, 1981. Food Fair states that it did not seek to designate the FDC Agreement until this time because of delays in scheduling the appeal and attempts by the parties to avoid the appeal altogether.

FDC argues, essentially, that the District Court is the appropriate forum for Food Fair's motion and that, in any case, the FDC Agreement is irrelevant to the issues on appeal.

The issues before this Court are: (1) does this Court have the jurisdiction, in the first instance, to resolve disputes concerning the record on appeal; (2) is the FDC Agreement properly included in the record; and (3) is designation proper at this time.

■ Bankruptcy Rule 806, which concerns the record and issues on appeal, is derived from Federal Rule of Appellate Procedure (Appellate Rule) 10(b).[3] 13 Collier on Bankruptcy, (14th ed.), ¶ 806.01. Bankruptcy Rule 806 does not expressly provide a means to correct or modify the record on appeal. Appellate Rule 10(e) sets forth such a procedure, and, as Colliers commentary states, Appellate Rule 10(e) would probably apply to correction or modification of the record in a bankruptcy proceeding. 13 Collier on Bankruptcy, 14th ed., ¶ 806.03. This Court views Appellate Rule 10(e) as applicable to bankruptcy proceedings to correct or modify a record on appeal. *Accord, In re W.T. Grant*, 432 F.Supp. 105 (S.D.N.Y. 1977); *In re Saco Local Development Corp.*, 13 B.R. 226 (Bkrtcy.D.Me.1981).

Appellate Rule 10(e) authorizes the trial court to correct or modify the record on appeal when a dispute arises regarding that record. The trial court may consider the dispute even after the record has been transmitted to the appellate court. Appellate Rule 10(e) "presents a sensible and tested procedure for resolving disputes regarding the contents of the record on appeal." *In re Saco Local Development Corp.*, 13 B.R. at 228. Under Appellate Rule 10(e) the appellate court may on proper suggestion or on its own initiative, correct or modify the record before it. ·

an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. . . .

2. Bankruptcy Rule 806 states:
Within 10 days after filing the notice of appeal the appellant shall file with the referee and serve on the appellee a designation of the contents for inclusion in the record on appeal and a statement of issues he intends to present on the appeal. The record shall include the contents so designated and the findings of fact, conclusions of law, and orders entered thereon. If the appellee deems any other papers to be necessary, he shall, within 7 days after the service of the statement of the appellant, file and serve on the appellant a designation of additional papers to be included. If the record designated by any party includes a transcript of any pro-

ceeding or a part thereof, he shall immediately after the designation order the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the referee to assemble and transmit the record.

3. Appellate Rule 10, in pertinent part, states:
(e) Correction or Modification of the Record. If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

Food Fair has moved before this Court to modify the record on appeal. This Court determines that it does have jurisdiction, in the first instance, to consider the proposed modification of the record.

The Court now considers the proposed designation of the FDC Agreement for the record on appeal. Food Fair seeks to enlarge the time for designation of the record. However, if the Agreement cannot properly be part of the record, simply enlarging the time to designate will not permit the designation.

The record on appeal "should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision." *In re W.T. Grant*, 432 F.Supp. at 106 (citation omitted); *accord, In re Saco Local Development Corp.*, 13 B.R. at 228 n.6. However, the record on appeal of one matter may be supplemented with materials from other adversary proceedings arising from the same bankruptcy case and, both materials from cases closely related to the appeal. *See In re Saco Development Corp.*, 13 B.R. at 230. The appellate court should be informed that such materials were not considered by the trial court in reaching its decision in the matter on appeal.

The FDC Agreement was not before this Court at the time the Orders were entered. This fact would ordinarily bar its inclusion in the record on appeal of the Orders. However, the prime lease and sublease are the subjects of several adversary proceedings before this Court and the FDC Agreement is properly before this Court in those proceedings. Those adversary proceedings arise from the Food Fair Chapter XI case, from which the Orders and appeal also emanate. Indeed the Adversary proceedings, of which the FDC Agreement are part, are very closely related to the Orders which have been appealed. Thus this Court rules that the FDC Agreement should be available to the appellate court when it considers the appeal.

Finally, this Court considers the timeliness of the designation. Food Fair did not obtain a copy of the FDC Agreement until July, 1981. Designation was not sought then because efforts to avoid the appeal altogether had been undertaken. After such efforts failed and the appellate timetable was set, Food Fair acted promptly in seeking designation of the FDC Agreement for the record on appeal. Under such circumstances, the motion to designate is deemed timely.

For the foregoing reasons, this Court designates the FDC Agreement for the record on appeal of this Court's Orders of October 3, 1980 and March 5, 1980, with an accompanying notation to the appellate court that the FDC Agreement was not considered by this Court when the Orders were entered.

It is so ordered.