In the Matter of Philip Lester BERGE and Betty Jo Berge, Debtors.

Philip Lester BERGE and Betty Jo Berge, Plaintiffs,

v.

Robert J. SWEET, Helen Sweet, and Robert J. Sweet Co., Inc., Defendants.

Adv. No. 82-0246.

United States Bankruptcy Court, W.D. Wisconsin.

Dec. 16, 1983.

---

William J. Rameker, Murphy, Stolper, Brewster & Desmond, S.C., Madison, Wis., for plaintiffs.

Michael E. Kepler, Madison, Wis., for creditors' committee.

Jon P. Axelrod, DeWitt, Sundby, Huggett, Schumacher & Morgan, S.C., Madison, Wis., Jack U. Shlimovitz, Ludwig & Shlimovitz, Milwaukee, Wis., for defendants.

## DECISION ON MOTION TO EXCLUDE ITEMS FROM APPEAL RECORD

ROBERT D. MARTIN, Bankruptcy Judge.

Defendants in this adversary proceeding timely filed notice of appeal from the judgment of this court, dated November 1, 1983, setting aside a strict foreclosure of a Wisconsin land contract as a fraudulent transfer under 11 U.S.C. § 548, 33 B.R. 642.

In designating the record for appeal to the district court, counsel for defendants-appellants included various items which were filed in the bankruptcy *case* underlying this adversary proceeding,[1] but which are not included in the record of the adversary proceeding.[2] None of the items from the case file appears patently irrelevant to the issues on appeal. Plaintiffs-appellees have objected to the inclusion in the appeal record of nearly all the items in the case file, and several items in the file of the adversary proceeding.

It is the difference in meaning of the word "case" as applied in the more general Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure on the one hand, and in the more specialized Federal Rules of Bankruptcy Procedure on the other, which gives rise to at least part of the problem. A non-bankruptcy civil "case" is commenced by a complaint and usually ends, if pursued, in a judgment. Fed.R.Civ.P. 3, 54. A bankruptcy "case" commences with the filing of a petition—11 U.S.C. §§ 301, 302(a), 303(b), Fed.R.Bankr.P. 1002(a), 1003(a), 1004, 1005 —and may include a number of adversary proceedings (commenced by complaint under Fed.R.Bankr.P. 7003) and "contested matters" (begun by motion under Rule 9014). When appeal is taken from a judgment of the district court, the "record on appeal" consists of "[t]he original papers and exhibits filed in the district court" plus

---

1. *In Re Berge,* MM11–82–00953.

2. *Berge v. Sweet,* Adv.Pro. 82–0246.

a transcript and copy of the docket entries. Fed.R.App.P. 10(a). The parties are free to agree to a more limited record on appeal, subject to review by the trial court for conformity to truth, and subject to supplementation by the court. *Id.* (d). Differences between the parties as to the proper content of the record may be settled either by the trial or appellate court. *Id.* (e).

In the bankruptcy setting, appeals to the district court [or Bankruptcy Appellate Panel in those circuits which have established one] are governed by Part VIII of the Federal Rules of Bankruptcy Procedure. Rule 8006[3] provides for the appellant to designate the items to be included in the record on appeal. The Rule provides for the appellee to designate *additional* items. Further, "[t]he record on appeal shall include the items so designated by the parties (etc)."

· ▮ Thus the Bankruptcy Rules do not expressly allow the appellee to modify the record by *exclusion,* an outcome sought by the appellee herein. Should this court construe the Rule so as to allow it to entertain such a motion? This is apparently a matter of first impression in the Seventh Circuit, but has been considered by three bankruptcy courts since adoption of the Bankruptcy Code.

The court is informed of three bankruptcy court decisions which have addressed challenges to an appellant's designation of the record. In *In Re Food Fair, Inc.,* 15 B.R. 569 (Bkrtcy.S.D.N.Y.1981), appellees sought to designate in the record an agreement bearing upon the lease which was the subject of the order appealed from. The bankruptcy court applied Bankruptcy Rule 806 (predecessor to present Fed.R.Bankr.P. 8006 and similar to it in all respects pertinent to this decision) and also held Fed.R. App.P. 10(e) applicable to itself as a trial court.[4] Under the Appellate Rule, the trial court may modify the record *sua sponte* or on the suggestion of a party. Reasoning that the reviewing court should have before it "all documents and evidence considered by the bankruptcy judge in reaching his decision," the court ruled that a record on appeal may be supplemented with materials from other adversary proceedings arising from the same bankruptcy case when closely related to the appeal. *Id.* at 572. *In Re T. Michaelis Corvette Supplies, Inc.,* 14 B.R.

**3.** Rule 8006.

Within 10 days after filing the notice of appeal as provided by Rule 8001(a) or entry of an order granting leave to appeal the appellant shall file with the clerk of the bankruptcy court and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within seven days after the service of the statement of the appellant the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal and, if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of the issues to be presented on the cross appeal and a designation of additional items to be included in the record. A cross appellee may, within seven days of service of the statement of the cross appellant, file and serve on the cross appellant a designation of additional items to be included in the record. The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. If the record designated by any party includes a transcript of any proceeding or a part thereof, he shall immediately after filing the designation deliver to the reporter and file with the clerk of the bankruptcy court a written request for the transcript and make satisfactory arrangements for payment of its costs. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.

**4.** Fed.R.App.P. 10(e):

Correction or Modification of the Record. If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

365 (Bkrtcy.N.D.Ohio 1981) is generally in accord in holding that Rule 806 "was meant to afford the litigants broad discretion in designating the record on appeal." 14 B.R. 366 [citing 13 *Collier on Bankruptcy* ¶ 806.-04 (14th ed. 1977)].

In *In Re Saco Local Development Corp.,* 13 B.R. 226 (Bkrtcy.D.Me.1981), the court carefully distinguished matters arising in related adversary proceedings which were considered by the court in reaching its decision from items in the file of which the court was aware, but which it did not directly consider in reaching the decision appealed. from. The latter group of items would be transmitted to the appellate panel in a separate package, along with a statement of the bankruptcy court's view of them, so that the appellate panel could reach its own determination of whether they should be included in the record. *Id.* at 229–30.

After reviewing the motions and memoranda of the parties and hearing counsel, this court will largely adopt the reasoning and practice of the *Saco* court for the following additional reasons:

(1) Under the well-accepted rule of statutory construction stated as *expressio unius est exclusio alterius,* the express inclusion of one item of a class excludes others of the same class. The only kind of modification permitted under R. 8006 would thus be addition to, and not exclusion from, the record. At the same time, the trial court may, under Fed.R.App.P. 10(d), modify the record on appeal by additions.

█ (2) The record in an adversary proceeding in bankruptcy presumes and in large measure relies upon, the file in the underlying case. The record on appeal, for completeness and fair presentation of the issues to the appellate body, should therefore include those items from the record of the whole case which the parties agree upon.

(3) Considerations of judicial impartiality dictate allowing the party appealing from a court's decision the greater latitude in designating the record. This policy is reflected in both the Federal Appellate Rules and Bankruptcy Rules cited.

█ (4) Finally, appellee may still have a remedy before the district court, either by invoking analogy with Fed.R.App.P. 10(d) or by application of the district court's discretion under Fed.R.Bankr.P. 8019. Determinations concerning the application of such a remedy lie, of course, with the district court and not here.

It appears from the hearing that the parties are willing to agree to the designation of certain of the items from the underlying bankruptcy case in the record on appeal. Such materials shall be included in the record on appeal. All items designated by defendants-appellants which are part of the adversary proceeding shall also be included in the record on appeal. Items designated by appellants which are part of the case file but as to which plaintiffs-appellees continue to object shall be transmitted to the district court in a separate packet. The designation by plaintiffs of one additional item from the adversary proceeding is their right, and must be approved.

Upon the foregoing analysis the motion to exclude from the record must be and hereby is denied in part, and as modified herein, is granted in part.