**In re THE BARRICK GROUP, INC., Debtor.**

**METRO NORTH STATE BANK, Movant,**

v.

**THE BARRICK GROUP, INC., Respondent.**

Bankruptcy No. 5–87–00910.
Motion No. 5–89–0046–M.

United States Bankruptcy Court, D. Connecticut.

June 1, 1989.

Craig I. Lifland, Zeisler & Zeisler, P.C., Bridgeport, Conn., for Metro North State Bank.

Josh Lazar, Raggio, Jaffe & Kayser, New York City, for Dr. Charles Rogers, Dr. Chester Kay, Dr. Alex Mantel and Martin Burger.

## MEMORANDUM AND ORDER ON OBJECTION TO DESIGNATION OF RECORD ON APPEAL

ALAN H.W. SHIFF, Bankruptcy Judge.

Metro North State Bank objects to certain items in a designation of record on appeal filed by Dr. Charles Rogers, Dr. Chester Kay, Dr. Alex Mantel and Martin Burger ("Appellants").

### BACKGROUND

On April 3, 1989, this court entered orders granting Metro North's motion for relief from the automatic stay and overruling the Appellants' objection to that motion. *Metro N. State Bank v. The Barrick Group, Inc. (In re The Barrick Group, Inc.),* 98 B.R. 133 (Bankr.D.Conn.1989), *appeal docketed,* No. B-89-296 (D.Conn. May 31, 1989). On April 13, the Appellants filed a notice of appeal, and on April 24 they filed a designation of record on appeal pursuant to Bankruptcy Rule 8006.[1] That designation includes two unsigned, undated, and undocketed *proposed* orders, submitted by Metro North; two unsigned and undated *proposed* counter-orders, submitted by the Appellants; and the notice given by the Appellants that those counter-orders were submitted.

Metro North argues that those five items should not be part of the record on appeal because Rule 19(a)(3) of the District Court Local Rules of Civil Procedure, made applicable by Rule 1(b) of the Local Rules of

1. Bankruptcy Rule 8006 provides in part: "Within 10 days after filing the notice of appeal ... the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."

Bankruptcy Procedure, provides in part that "[u]nless adopted by the Court, such proposed orders, judgments or decrees shall not form any part of the record of the action." Although notice of the hearing on Metro North's objection was served upon the Appellants, they declined to attend the hearing, and this court is without the benefit of their response to the objection.

## DISCUSSION

■ First it must be determined whether this court retains jurisdiction to rule on Metro North's challenge to the designation of the five items as part of the record on appeal. While the filing of a notice of appeal generally divests a bankruptcy court of jurisdiction to proceed with respect to matters raised by the appeal, *In re Neuman*, 67 B.R. 99, 101 (S.D.N.Y.1986); *In re Wonder Corp. of America*, 81 B.R. 221, 224 (Bankr.D.Conn.1988); *First Nat'l Bank of Boston v. Overmyer (In re Overmyer)*, 53 B.R. 952, 954 (Bankr.S.D.N.Y. 1985), actions in aid of the appeal are not beyond its authority. *See International Assoc. of Machinists and Aerospace Workers, AFL–CIO v. Eastern Air Lines, Inc.*, 847 F.2d 1014, 1017 (2d Cir.1988); *Leonhard v. United States*, 633 F.2d 599, 609–10 (2d Cir.1980), *cert. denied*, 451 U.S. 908, 101 S.Ct.1975, 68 L.Ed.2d 295 (1981); 7 *Moore's Federal Practice* ¶ 60.30[2], at 60– 331 to –332 (2d ed.1983).

■ Such actions include those intended to ensure that the district court is afforded a complete understanding of the proceedings in the bankruptcy court. I therefore conclude that the bankruptcy court should determine in the first instance whether a disputed item in a designation of record on appeal played any part in its deliberations,

*see In re Neshaminy Office Bldg. Assoc.*, 62 B.R. 798, 802 (E.D.Pa.1986); *Food Distribution Center v. Food Fair, Inc. (In re Food Fair, Inc.)*, 15 B.R. 569, 571 (Bankr.S. D.N.Y.1981); *Saco Local Dev. Corp. v. Armstrong Business Credit Corp. (In re Saco Local Dev. Corp.)*, 13 B.R. 226, 228– 29 (Bankr.D.Me.1981), and that this court retains jurisdiction to consider and rule upon Metro North's objection.[2]

■ The record on appeal should contain all items considered by the bankruptcy court in reaching a decision. *Nahodil v. Rodman (In re W.T. Grant Co.)*, 432 F.Supp. 105, 106 (S.D.N.Y.1977), *aff'd*, 559 F.2d 1206 (2d Cir.1977); *In re Food Fair, Inc., supra*, 15 B.R. at 572. Conversely, if an item was not considered by the court, it should be stricken from the record on appeal. *See John P. Maguire & Co., Inc. v. Sapir (In re Candor Diamond Corp.)*, 26 B.R. 844, 847 (Bankr.S.D.N.Y.1983).

■ In granting Metro North's motion for relief from the stay and overruling the Appellants' objection, I did not consider the five items in question, and they are not properly a part of the record on appeal.

Metro North's objection is SUSTAINED, and IT IS SO ORDERED.

---

**2.** Support for this conclusion is provided by Rule 10(e) of the Federal Rules of Appellate Procedure, which authorizes a district court to correct or modify the record on appeal to a circuit court so that it accurately discloses what occurred in the district court. 28 U.S.C. § 158(c) provides in part that an appeal from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts...." As the court in *Saco Local Development Corp.* observed, Rule 10(e) provides guidance for a bankruptcy court's correction of a designation of record on appeal. *Saco Local Dev. Corp., supra*, 13 B.R. at 228. *See also In re Armorflite Precision, Inc.*, 48 B.R. 994, 996 (D.Me.1985).