**In re TOBAGO BAY TRADING COMPANY, f/k/a World Bazaar, Inc., a/k/a World Bazaar and a/k/a Curious Cargo, Debtor.**

**WB, LTD., successor in interest to JMB Income Properties, Ltd.-X, d/b/a Pasadena Town Square and d/b/a Collin Creek Mall, Plaintiff,**

v.

**TOBAGO BAY TRADING COMPANY, Defendant.**

**Bankruptcy No. A90–02195–SWC.**
**Adv. No. 90–0252A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 6, 1992.

S. Jarvin Levison, Arnall, Golden & Gregory, Macon, Ga., for plaintiff.

Robert A. Bartlett, Darren K. Hensley, Hicks, Maloof & Campbell, Atlanta, Ga., for debtor/defendant.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

This matter is before the court on WB, Ltd.'s objection and motion to strike items 6 through 11 included in appellant's designation of record for appeal and a brief in support thereof, filed on January 21, 1992.

WB, Ltd., the movant herein, is the successor in interest to JMB. The debtor, Tobago Bay Trading Company (Tobago Bay), filed a response and brief in opposition to WB's motion to strike on January 30, 1992. The matter is now ready for decision.

The substance of this Chapter 11 adversary proceeding concerns rent under a lease between JMB Income Properties Ltd.–X, (JMB) and Tobago Bay. On April 15, 1991, WB Ltd., filed a motion for summary judgment. On April 18, 1991, Tobago Bay filed a statement of material facts, containing copies of the joint stipulation of facts previously filed in February and April 1991. A cross motion for summary judgment was also filed on April 18, 1991. Following consideration by the court, the motions were granted in part and denied in part by Order entered December 20, 1991, 142 B.R. 528. The court, *inter alia,* granted summary judgment in favor of WB, Ltd., as successor in interest to JMB, in the amount of $11,321.10 for two monthly rental payments which were allowed as a Chapter 11 administrative expense for post-petition rent under the Pasadena lease. Thereafter, Tobago Bay filed a notice of appeal on December 30, 1991 concerning the portion of the order granting summary judgment in favor of WB, Ltd. A designation of record for appeal was filed on January 9, 1992, as was a statement on issues on appeal.

The designation of record for appeal set forth 11 matters for inclusion in the record to be considered on its appeal to the district court from portions of the final order of the bankruptcy court. Of these 11 matters, WB seeks to have items 6 through 11 stricken. For convenience, items 6 through 11 are set forth herein as follows:

"6. Proof of Claim of Kate R. Sidran and NCNB Texas National Bank, N.A., Co–Trustees of the Joseph David Sidran Trust, Claim Number 291, filed with the Bankruptcy Court on or about May 18, 1990.

7. Debtor's Objection to the Sidran Claim filed on or about February 12, 1991.

8. Order Approving Stipulation on Claims of Kate R. Sidran and NCNB Texas National Bank, N.A., Co–Trustees of the Joseph David Sidran Trust and Debtor's Objections Thereto, filed with the Bankruptcy Court on or about 05/03/91.

9. Debtor's Plan of Reorganization, as amended, filed with the Bankruptcy Court on or about 09/12/91.

10. Amended Financial Disclosure Statement to Accompany Amended Plan of Reorganization Filed by Tobago Bay Trading Company, filed with the Bankruptcy Court on or about 09/12/91.

11. Order Confirming Debtor's Plan of Reorganization, as amended, not entered by the Bankruptcy Court as of the filing of this designation."

In its motion to strike, WB objects to these items being included in the record on appeal as extraneous documents which have no bearing on the adversary proceeding because they were not considered by the court in deciding the issue involved in the adversary proceeding. In response, Tobago Bay argues that items 6 through 8 are included "to provide the District Court with a concrete factual (as opposed to hypothetical) example of the anomalous results which could occur based upon this court's order...." (filed January 30, 1992). "Items 9 through 11 are included in order to provide the District Court with a *complete* understanding of the case." *Id.* (emphasis added). Tobago Bay concedes that, should items 6 through 11 be included in the record on appeal, it will advise the district court that those items were not considered by the bankruptcy court in ruling on the motion for summary judgment. (*Id.* at 6).

Before reaching the merits of the motion to strike, the court must first determine whether it retains jurisdiction to adjudicate WB, Ltd.'s motion. The traditional rule holds that "the filing of a notice of appeal generally divests a bankruptcy court of jurisdiction to proceed with respect to matters raised by the appeal." *In re The Barrick Group, Inc.,* 100 B.R. 152, 154 (Bankr.D.Conn.1989). Nonetheless, "actions in aid of the appeal are not beyond its authority. [citations omitted]." *Id.* See *In re Food Fair, Inc.,* 15 B.R. 569, 571 (Bankr.S.D.N.Y.1981). *See also Intl. Assn. of Machinists and Aerospace Workers,*

*AFL–CIO, v. Eastern Air Lines, Inc.*, 847 F.2d 1014, 1017 (2d Cir.1988).

In considering this jurisdictional lacuna, the court finds the reasoning of *In re Armorflite Precision, Inc.*, 48 B.R. 994 (D.Me.1985), and *In re Saco Local Development Corp.*, 13 B.R. 226 (Bankr.D.Me. 1981), persuasive. As discussed by these courts, appeals from orders and decisions of the bankruptcy court are governed by 28 U.S.C. § 158 (1991). Jurisdiction of appeals from bankruptcy courts is vested in the district courts. 28 U.S.C. § 158(a). Section 158(c) further provides that: "[a]n appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts...." 28 U.S.C. § 158(c). *See In re Armorflite Precision, Inc.*, 48 B.R. at 996.

The procedure governing appeals from the district court to the court of appeals is provided for in the Federal Rules of Appellate Procedure. Fed.R.App.P. 1(a) (1991). Under 28 U.S.C. § 158(c), the same procedure set forth in Rule 1(a) of the Federal Rules of Appellate Procedure applies to appeals taken from the bankruptcy court to the district court. *See In re Armorflite Precision, Inc.*, 48 B.R. at 996. Although the Federal Rules of Bankruptcy Procedure do not provide a method to correct or modify the record on appeal, the Federal Rules of Appellate Procedure do so provide. Fed.R.App.P. 10(e). Rule 10(e) provides that if any difference arises concerning the record in the district court, the difference shall be submitted to and settled by the district court, the court in which the record was made. Fed.R.App.P. 10(e). Since the bankruptcy court was the court in which the original record was made, the parties' difference of opinion concerning the record should be submitted to and settled by the bankruptcy court. Accordingly, the court finds that it retains jurisdiction for the limited purpose of adjudicating this dispute concerning the contents of the record on appeal.

■ The gravamen of Tobago Bay's argument rests upon the premise that additional facts are necessary for the district court to have a complete understanding of the case. However, the items specified 6 through 11 by Tobago Bay were neither presented to the court by the parties, nor considered by the court in rendering its decision. The so-called anomalous result the movant wishes to bring to the District Court's attention, occurs, if at all, only because it is a settlement concerning other property, negotiated between the parties, which is not legally relevant to the court's disposition of this motion for summary judgment. Thus, these items are not necessary to afford the reviewing court a complete understanding of the case. *In re Chateaugay Corp.*, 64 B.R. 990, 995 (S.D.N.Y.1986). The inclusion of these items would merely burden the record on appeal unnecessarily. Further, the court recognizes that the district court, sitting as an appellate court, has ample authority to later direct that the record be supplemented. Fed.R.App.P. 10(e). Accordingly, plaintiff's motion to strike is GRANTED.

IT IS SO ORDERED.