## In re AMES DEPARTMENT STORES, INC., et al., Debtor.

### NWL Holdings, Inc., Plaintiff,

### v.

### Eden Center, Inc., Defendant.

### Bankruptcy No. 01–42217 (REG). Adversary No. 04–3072.

United States Bankruptcy Court, S.D. New York.

Feb. 23, 2005.

---

Kasowitz Benson Torres & Friedman, by David S. Rosner, Howard W. Schub, Alan Lungen, New York City, for plaintiff-appellee NWL Holdings, Inc.

Kelley Drye & Warren LLP, by James S. Carr, Ann H. Pak, New York City, for defendant-appellant Eden Center, Inc.

Wiley Rein & Fielding LLP, by Dylan G. Trache, McLean, VA, for defendant-appellant Eden Center, Inc.

Weil Gotshal & Manges LLP, by Timothy Q. Karcher, New York City, for interested party Ames Department Stores, Inc.

White & Case, Wachovia Financial Center by Frank L. Eaton, Miami, FL, for interested party Stop & Shop.

DECISION AND ORDER ON OBJECTION TO INCLUSION OF SUPPLEMENTAL MATERIALS DESIGNATED FOR RECORD ON APPEAL

ROBERT E. GERBER, Bankruptcy Judge.

Plaintiff-appellant NWL Holdings, Inc. ("NWL") and Defendant-appellant Eden Center, Inc. ("Eden") differ with respect

to whether litigation papers in a related dispute, which were never shown to or put before this Court before the entry of the injunction that is the subject of the appeal, should be included as part of the record on appeal.

More specifically, NWL objects to the inclusion of Documents # 18 through # 28. They are apparently litigation papers filed in a separate litigation between Eden and NWL that Eden commenced against NWL in Virginia state court (and that was subsequently removed by NWL to federal district court in Virginia), whose prosecution could not continue without leave of this Court as a consequence of the injunction this Court issued. The Court says "apparently" because those documents were never filed or otherwise presented to this Court before the entry of the injunction in dispute, nor are they claimed to have been.[1] This Court did not see them before issuing its ruling, and knows their content to the extent, but only the extent, that they have been described as documents to be included in the record.

NWL seeks a determination from this Court as to whether this Court, in contrast to the district court, should decide the issue of the inclusion of matters on the appeal. If this Court determines that it is the proper forum to decide the objection, it must then decide the objection.

## I.

 This Court is the appropriate forum to resolve the objection.[2] Fed. R. Bankr.P. 8006 governs the designation of the record in a bankruptcy appeal.[3] Like Fed. R.App. P. 10 (from which Bankruptcy Rule 8006 was adopted), Bankruptcy Rule 8006 provides for the designation of the record to be filed in the lower court, for objections likewise to be filed in the lower court, and for the record thus to be assembled before transmission to the appellate court. At least in this circuit (where there is no longer a bankruptcy appellate panel) and district, it is normally only after the record has been designated that the appeal is docketed as a new case in the district court, and a district judge is assigned.

That, along with a more fundamental reason, requires that the content of the record on appeal be resolved by the bankruptcy court, where the record was designated, and where the matter sought to be

1. The first 17 items that were designated for inclusion in the Record show their ECF docket numbers after their filing in this Court. Items # 18 through # 28 lack such a designation.

2. The Court notes, parenthetically, that the docketing of the appeal in the district court did not divest the bankruptcy court of jurisdiction to determine the contents of the record on the appeal. *See WB, Ltd. v. Tobago Bay Trading Co. (In re Tobago Bay Trading Co.)*, 142 B.R. 534, 535–36 (Bankr.N.D.Ga. 1992) (Cotton, J.) (*"Tobago Bay"*); *In re The Barrick Group, Inc.*, 100 B.R. 152, 154 (Bankr.D.Conn.1989) (Shiff, J.) (*"Barrick Group"*); *Food Distrib. Center v. Food Fair, Inc. (In re Food Fair, Inc.)*, 15 B.R. 569, 571–72 (Bankr.S.D.N.Y.1981) (Galgay, J.) (*"Food Fair"*).

3. Fed. R. Bankr.P. 8006 provides, in relevant part:
 Within 10 days after filing the notice of appeal ... the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal.... Within 10 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal.... All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.
 Under Fed. R. Bankr.P. 9001(3), "clerk" means *bankruptcy* clerk, if one has been appointed. Thus the parties file their designations of matter for inclusion in the record with the *bankruptcy* clerk, and it is the *bankruptcy* clerk that assembles and transmits the record, based on the materials so designated.

included in the record was (or should have been) presented. The more fundamental reason is that the bankruptcy court knows best what was before it and what it considered in making its ruling. It is sometimes the case that matter is submitted to a bankruptcy court in a way that, while consistent with notice and due process, evades formal docketing or designation. It also is sometimes the case that the bankruptcy court takes judicial notice of matters—such as earlier proceedings in that court. The bankruptcy judge, as the court that issued the decision and order appealed from, is in the best position to know what it considered. It also is in the best position to know what was *not* considered.

For these reasons, or a subset of them, it long has been clear that the *bankruptcy court* is the appropriate forum to determine a dispute of this character.[4]

## II.

■ On the merits of the objection, Documents # 18 through # 28 will be stricken. As the court noted in *Barrick Group:*

> The record on appeal should contain all items considered by the bankruptcy court in reaching a decision.... Conversely, if an item was not considered by the court, it should be stricken from the record on appeal.[5]

As the *Barrick Group* court had not considered five items that had been designated in the record, it held that they were not properly a part of the record on appeal, and sustained an objection to their inclusion.[6]

Without dispute, none of Documents # 18 through # 28 were ever filed with this Court, and this Court never saw or considered any of them. They are like the deposition transcripts that were stricken in *Saco:*

> The two depositions designated by Aschheim were not filed with this Court until

**4.** *See Dicola v. American S.S. Owners Mut. Prot. & Indemn. Ass'n (In re Prudential Lines, Inc.),* 1994 WL 142017, at *1 (S.D.N.Y. Apr. 20, 1994) (Haight, J.) *("Prudential Lines")* (Since appellant seeking to supplement record on appeal did not argue that materials should be added to record by reason of their omission by error or accident, appellant "should have made its application to the bankruptcy court in the first instance"); *Tobago Bay,* 142 B.R. at 536 ("Since the bankruptcy court was the court in which the original record was made, the parties' difference of opinion concerning the record should be submitted to and settled by the bankruptcy court."); *Barrick Group,* 100 B.R. at 154 ("I therefore conclude that the bankruptcy court should determine in the first instance whether a disputed item in a designation of record on appeal played any part in its deliberations"); *Food Fair,* 15 B.R. at 571–72 (deciding the motion, after concluding it had jurisdiction to do so); *Saco Local Dev. Corp. v. Armstrong Bus. Credit Corp. (In re Saco Local Dev. Corp.),* 13 B.R. 226, 229 n. 5 (Bankr.D.Me.1981) *("Saco")* (Johnson, J.) (by analogy to Fed.

R.App. P. 10(e), holding that bankruptcy court, as trial court, should decide the issue, to end that the B.A.P. would have the views of the bankruptcy court as to what should be included in the record on appeal; "In addition to promoting sound and efficient judicial administration by relieving Appellate Panels of the burden of resolving frivolous designations of overzealous counsel at the very outset of an appeal, the proposed procedure will relieve the bankruptcy clerk from the burden of assembling and transmitting unnecessary records to the Appellate Panel").

*See also Enron Power Mktg. Inc. v. Nevada Power Co. (In re Enron Corp.),* No. 02–2520 *("Enron"),* Unreported Decision on Mot. by Enron Power Marketing Inc. to Strike Items from the Defs.' Designations of R. on Appeal (Hrg. Tr. of 2/10/05 at 4) (rejecting contention that the lower court cannot restrict what is designated, and striking certain items from designation of record).

**5.** 100 B.R. at 154 (citations omitted).

**6.** *Id.*

May 19, 1981, more than a month after entry of the Order appealed from. They were never offered into evidence by any party during several days of hearings regarding the proposed sale. It is clear that they cannot be part of the record on appeal.[7]

Nor are the items Eden seeks to designate items that might have relevance by reason of the Court's unwillingness to consider them, such as exhibits that were offered into evidence but excluded from consideration upon objection or a motion to strike. Plainly the litigation in Virginia was known to this Court, as was its subject matter and certain related matter, but all of that information came to the Court by means other than through Documents # 18 through # 28. Those alternate means— *e.g.*, affidavits, testimony, and representations of counsel—are appropriately included in the record. But the affidavits and relevant transcripts have already been designated. Indeed, papers filed in other courts would likely include unproven allegations and evidentiary material that, in the absence of cross-examination on them in this Court, here would generally be hearsay or worse. Inclusion of such, when that matter was never considered by this Court, and this Court did not decide the underlying issues pending in the other court(s), would be plainly improper.

As the decisions in this area make clear, the touchstone for the designation of matter as part of the record is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from. Documents # 18 through # 28 fail that test.[8]

7. 13 B.R. at 229.

8. The Court rejects the notion argued by Eden that "[e]ven assuming the Bankruptcy Court did not consider the Disputed Documents in making its decision, the record on appeal may be supplemented with materials from cases closely related to the appeal." (Response at 3). At least when applied to the facts here, the assertion is too broad, especially when made in the lower court. Notably, while Eden cites *Food Fair* in support, the *Food Fair* analysis started with a district court decision, *In re W.T. Grant Co.*, 432 F.Supp. 105 (S.D.N.Y.1977) (Cooper, J.), which stated in full "the record on appeal should contain all documents and evidence bearing on the proceedings below *and considered by the bankruptcy judge in reaching his decision.*" (emphasis added) (citations omitted).

In *Food Fair*, the court permitted the inclusion into the record of an agreement entered into after the entry of the order appealed from, which had been presented in other adversary proceedings before it. The agreement was not sought to be included for the purpose of determining whether or not the order appealed from was correct. The agreement was sought to be included, rather, to permit an argument that the proceedings before the bankruptcy court, and the appeal, were champertous, and that the champerty should be considered on the appeal. *See* 15 B.R. at 570–71. After noting the general rule limiting record matter to material that was considered by the bankruptcy court, the *Food Fair* court continued:

However, the record on appeal of one matter may be supplemented with materials from other adversary proceedings arising from the same bankruptcy case and, both materials from cases closely related to the appeal. [*Sic.*] See *In re Saco Development Corp.*, 13 B.R. at 230. The appellate court should be informed that such materials were not considered by the trial court in reaching its decision in the matter on appeal.

15 B.R. at 572.

While *Food Fair* is distinguishable on the basis that the materials sought to be included here were not before this Court in any other adversary proceeding, at any time, it is also distinguishable for a more fundamental reason. Here, of course, Eden's contention is that this Court erred—not that the appeal should be dismissed or decided on any other ground. Whether or not this or any court erred is determined by analyzing the correctness of the ruling in light of the matter considered or presented.

There is authority for the proposition that even though matters were not considered by

The objection to the inclusion of Documents # 18 through # 28 is sustained, and they will be stricken from the Record before its transmittal to the district court.

SO ORDERED.

the court below, an application may still be made to the appellate court to supplement the record, for background, clarifications, or the like. *See Tobago Bay,* 142 B.R. at 536; *Enron,* Hrg. Tr. at 4, 6. That, of course, is a matter for the appellate court, as to which this Court takes no position. What is important, however, is that the lower court make clear to the reviewing court what was, and was not, before the lower court, and considered by it, when the lower court rendered its decision. *See Enron,* Hrg. Tr. at 5–6 ("[I]t would be more appropriate in aid of the clarity of the record if the burden to expand the record on appeal lies with the party seeking such expansion. Thus the parties seeking to expand the record should have the burden of moving before the Appellate Court, as well as the burden of persuasion. That procedure would permit the Appellate Court the benefit of the lower Court's view of the record before it by the lower Court having stricken the items that were not before it as described above.")