**In re Marcia Ann POTTER and Howard H. Potter, Debtors.**

**UNITED BANK OF DENVER NATIONAL ASSOCIATION, et al., Plaintiffs,**

v.

**Marcia Ann POTTER and Howard H. Potter, Defendants.**

**No. 91–C–132.**

United States District Court, D. Colorado.

Aug. 28, 1991.

Richard E. Young, Douglas W. Brown, Denver, Colo., for plaintiffs.

Howard and Marcia Potter, pro se.

## MEMORANDUM OPINION
## AND ORDER

CARRIGAN, District Judge.

Appellants Marcia and Howard Potter ("debtors") are debtors in a bankruptcy proceeding currently pending in this district. Appellees United Bank of Denver National Association and National Bank of the Rockies ("creditors"), the Potters' creditors, filed an adversary proceeding under 11 U.S.C. § 727, seeking a denial of discharge. The matter was tried to the bankruptcy court on January 9, 10, and 11, 1991. That court concluded: (1) that the debtors failed to maintain and keep records on which their financial affairs could reasonably be ascertained; and (2) that, with intent to hinder, delay or defraud an officer of the estate, the debtors transferred, removed, destroyed or concealed the bankruptcy estate's property after the petition was filed. The court therefore ordered that the debts owed to the creditors would not be discharged. Debtors timely filed this appeal.

Debtors have filed an objection to the record, a motion for immediate remand for new trial, and a motion to toll. Creditors have responded by opposing the motions. The parties have fully briefed the issues and oral argument would not materially assist the decision process. Jurisdiction is founded on 28 U.S.C. § 158(a).

In their motions, the debtors assert that because one fifth of the trial transcript and all of the trial exhibits have been lost, the record is insufficient for this court to review the bankruptcy court's decision. Debtors therefore ask that I remand the action for a new trial. In addition, the debtors seek an order tolling the time requirement for filing their appellate brief until their motion for remand has been decided.

█ Although the Bankruptcy Rules do not expressly provide for application of the Federal Rules of Appellate Procedure to appeals from the Bankruptcy court, "[i]t

seems sensible to look to the practice and decisions under Appellate Rule 10 for guidelines to understanding Rule 8006." *9 Collier on Bankruptcy* ¶ 8006.04. When a transcript of the bankruptcy court proceeding is not available, "it would seem that a procedure like that under Rule 10(c) should be available." *Id.*

Federal Rule of Appellate Procedure 10(c) provides that:

"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the [bankruptcy] court for settlement and approval and as settled and approved shall be included by the clerk of the [bankruptcy] court in the record on appeal."

This rule places the initial burden for reconstructing the record squarely on the appellants. Because no one is more motivated or in a better position to summarize the missing testimony than the appellants, that procedure is particularly appropriate.

■ Moreover, the parties and the bankruptcy judge have made every effort to reconstruct the record. Using the notes he made during trial, Judge Matheson has summarized the missing testimony. Creditors have indicated that Judge Matheson's summary is accurate. Conversely, the debtors have not indicated whether or not they believe the summary is accurate.

Significantly, the debtors have not indicated how their right to appeal will be prejudiced if a reconstructed record is used. If, as Judge Matheson asserts in his affidavit, the bankruptcy court's decision was not based on the missing testimony, the debtors' appeal can be fully considered. If the parties reconstruct the missing portions of the record, therefore, appellants will not be prejudiced.

Rule (10)d, Fed.R.App.P., and Bankruptcy Rule 8019 provide alternative methods for going forward without a new trial. In pertinent part, Rule 10(d), Fed.R.App.P. states that:

"In lieu of the record on appeal as defined in subdivision (a) of this rule, the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the [bankruptcy court] and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with such additions as the court may consider necessary fully to present the issues raised by the appeal, shall be approved by the [bankruptcy] court and shall then be certified to the [district] court as the record on appeal...."

Thus, if the appellants prefer, they can, together with the appellees, prepare a statement of the case. That statement will serve in place of the record.

In pertinent part, Bankruptcy Rule 8019 provides that:

"In the interest of expediting decision or for other cause, the district court ... may suspend the requirements or provisions of the rules in Part VIII ... and may order proceedings in accordance with its direction."

A new trial would unnecessarily delay resolving this appeal. Thus, under Rule 8019, the appeal could go forward without any supplement to the record. In the interests of justice, however, the appellants will be given the opportunity to supplement the record in accordance with the procedures previously discussed.

I conclude that the record, as it currently exists, is sufficient to show how the issues on appeal arose and were decided, and sets forth the essential facts averred and proved at trial, and therefore it is sufficient to consider the debtors' appeal. In the interests of justice, however, the appellants shall have the opportunity to supplement the record. At their option, the appellants shall, within twenty days of this order,

follow the procedures detailed in either Rule 10(c) or 10(d), Fed.R.App.P.

 Debtors also assert that remand is necessary because none of the original trial exhibits are available. Creditors, however, have provided the court copies of the trial exhibits. Debtors apparently object to using duplicates. Again, the debtors have not shown how they would be prejudiced by using duplicates, nor do they assert that the duplicates do not accurately represent the actual exhibits. Further, after reviewing the list of trial exhibits, it appears that many are documents that were produced by the debtors themselves. Thus, as to at least a substantial number of exhibits, they should have access to the originals or accurate copies. Absent a showing by the debtors: (1) that the records produced by the creditors are not true copies of the trial exhibits; (2) that the debtors do not have access to either the originals or accurate copies; and (3) that the absence of the actual original trial exhibits will prevent this court from fully reviewing the bankruptcy court's decision, the debtors' motion must be denied.

Accordingly IT IS ORDERED that:

(1) Appellants' motion for immediate remand for new trial is denied;

(2) Within twenty days of this order, the appellants shall supplement the record following the procedure detailed in either Rule 10(c) or 10(d), Fed.R.App.P., if they desire to do so.

(3) If, after completion of the procedures mandated by Rule 10, the appellants still believe the record is inadequate, they may renew their motion to remand if they can state adequate grounds to support such a motion. The debtors are reminded of their duties under Rule 11, Fed.R.Civ.P., and 28 U.S.C. § 1927. If the appellants renew their motion and fail to articulate adequately the prejudice they will suffer as a result of the incomplete record, they may be subject to sanctions under the both Rule 11 and § 1927.

(4) Appellants motion to toll time for filing their brief is granted.

(5) Appellants shall file their brief within 11 days after the procedures under Rule 10, Fed.R.App.P. have been completed.

(6) Appellants' motion to disregard plaintiff's brief filed after due date is denied as moot.