In re Paula LICKMAN, Debtor.

Marie E. Henkel, Trustee, Plaintiff,

v.

Paula Lickman et al., Defendants.

No. 98–02632–6C7.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Jan. 24, 2003.

Lynnea Concannon, Sean D. Concannon, Orlando, FL, for plaintiff.

Marie E. Henkel, Orlando, FL, Chapter 7 Trustee.

Gerald J. D'Ambrosio, Boca Raton, FL, for defendants.

### ORDER OF INSTRUCTIONS TO CLERK

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This adversary proceeding came on for consideration of an inquiry made by the clerk as to how to process papers filed by the debtor/defendant, Paula Lickman, on January 21, 2003, that relate to two appeals already docketed and pending before the district court (Documents Nos. 151, 152, and 153).

The debtor's first paper is a supplemental designation of record (Document No. 151) that relates to her appeal of the court's order granting the trustee's motion for sanctions (Documents Nos. 102 and 103). The clerk transmitted that record to the district court on December 13, 2002 (Document No. 135). The district court subsequently consolidated that appeal with another pending appeal of the same order as Case No. 6:02–CV–1492–ORL–31–JGG (Document No. 143). In this supplemental designation, the debtor seeks to add to the record on appeal a motion for disqualifica-

tion and an order denying that motion (Documents Nos. 146 and 149). The debtor filed this disqualification motion and the court entered the order denying the motion well after the court entered the order that is on appeal and after the clerk transmitted the record to the district court.

The debtor's second and third papers are a designation of record and a statement of issues presented on appeal (Documents Nos. 152 and 153). These papers relate to the debtor's appeal of the court's order denying her motion to dissolve preliminary injunction (Document No. 131). The clerk transmitted that appeal to the district court on January 16, 2003 (Document No. 148). The clerk transmitted the appeal with a limited record because the debtor failed to comply with the requirements of F.R.B.P. 8006 and F.R.B.P. 8007(a) within the time prescribed in those rules and in the clerk's notice to the debtor of her responsibilities as appellant (Document No. 138). The district court subsequently consolidated this appeal and another pending appeal of the same order with the consolidated appeal of the court's sanctions order as Case No. 6:02–CV–1492–ORL–31–JGG (Document No. 154).

■ None of the bankruptcy appellate rules contained in Part VIII of the Federal Rules of Bankruptcy Procedure give the clerk guidance as to what the clerk is to do when an appellant files papers of the sort the debtor has now filed after the clerk has transmitted records to the district court. The Committee Notes to F.R.B.P. 8006 and 8007, however, indicate that these rules are condensed versions of the corresponding Federal Rules of Appellate Procedure. Thus, the court can look to the Federal Rules of Appellate Procedure for guidance in interpreting the bankruptcy appellate rules. 10 Lawrence P. King, *Collier on Bankruptcy*, ¶ 8006.03[1] at 8006–6 (15th rev. ed. 2002)["It seems sen-

sible to look to the practice and decisions under Appellate Rule 10 for guidelines to understanding Rule 8006."].

■ F.R.App.P 10(e) addresses the issue of correction or modification of the record. Although that rule gives the trial court some leeway to correct errors and accidents in the record, the debtor's newly filed papers appear to go well beyond addressing errors and accidents. The debtor's papers appear to seek to expand the records and issues on appeal in a way that only the appellate court can permit. F.R.App.P. 10(e)(3)["All other questions as to the form and content of the record must be presented to the [appellate court]]."

Accordingly, the court directs the clerk to take no further action with regard to the debtor's newly filed papers (Documents Nos. 151, 152, and 153). If the debtor wishes to modify the record and issues in either of the two appeals she now has pending in the district court, the debtor is required to move for appropriate orders of that court. If and when the district court orders additional papers to be included in the records pending there, the clerk shall promptly comply with those orders.