F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAY 2 2003**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re:  EDWARD W. LOBB,

    Debtor,

---

BCORP-HRT, LLC; BCORP
DENVER DRY, LLC; BCORP
CALIFORNIA STREET, LLC;
BCORP A.T. LEWIS, LLC; BCORP
RIO GRANDE, LLC; BCORP
DETROIT, LLC; BCORP
STEEPLECHASE,

    Plaintiffs-Appellees,

v.

EDWARD W. LOBB,

    Defendant-Appellant.

No. 01-1454
(D. Colo.)
(D.Ct. No. 99-D-1724)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

    [*]  This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This pro se[1] appeal originated in a bankruptcy action commenced by Edward W. Lobb. The district court affirmed on appeal the bankruptcy court's grant of partial summary judgment to BCORP-HRT, LLC, et al. ("BCORP"). Mr. Lobb appeals this order and two others we will discuss. We are without jurisdiction to consider two of the orders appealed. We exercise jurisdiction over the third order under 28 U.S.C. §§ 158(d) and 1291, and affirm.

Mr. Lobb filed a Chapter 7 bankruptcy petition on May 1, 1998. On July 10, 1998, BCORP commenced an adversary action challenging Mr. Lobb's discharge under the Bankruptcy Code. On August 13, 1999, the bankruptcy court granted partial summary judgment to BCORP, denying Mr. Lobb's discharge in bankruptcy. Mr. Lobb timely appealed this order to the district court.[2] On February 21, 2001, the district court entered an order affirming the decision of the bankruptcy court. On June 29, 2001, the bankruptcy court entered a Notice of

---

[1]We liberally construe *pro se* pleadings, but every litigant must comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied,* 513 U.S. 1090 (1995).

[2]Exercising appellate jurisdiction under 28 U.S.C. § 158(a).

Non-Discharge.[3]   On July 5, 2001, Mr. Lobb filed an Emergency Motion to Stay and Reconsideration in the district court, which was denied July 18, 2001.  On August 13, 2001, he filed a Petition for Rehearing Seeking Reconsideration in the district court, which was denied August 28, 2001.

Mr. Lobb filed his notice of appeal to this Court September 27, 2001, designating these final orders for review:  (1) the order of the district court entered February 21, 2001, affirming the bankruptcy court's decision to grant partial summary judgment to BCORP; (2) the Notice of Non-Discharge entered June 29, 2001, in the bankruptcy proceeding; and (3) the August 28, 2001 order of the district court denying Mr Lobb's Petition for Rehearing Seeking Reconsideration.  BCORP moved to dismiss the appeal for lack of subject matter jurisdiction.  We address the jurisdictional issue first.

We lack jurisdiction to review the February 21, 2001 order of the district court affirming the bankruptcy court's decision to award partial summary judgment to BCORP because Mr. Lobb did not timely file his notice of appeal. Fed. R. App. P. 6(b)(1), 4(a)(1)(A), and 3(a).  Timely filing of a notice of appeal is jurisdictional.  *Smith v. Barry,* 502 U.S. 244, 245 (1992); *Int'l Paper Co. v. Whitson,* 595 F.2d 559, 561 (10th Cir. 1979).  In addition, Mr. Lobb failed to preserve the February 21, 2001 order for review by filing his two successive post-

_____

[3]This order is not included in the Record on Appeal.

judgment motions.  Though not styled as such, we construe each one as a motion

for rehearing of the February 21, 2001 decision under Rule 8015 of the Federal

Rules of Bankruptcy Procedure.[4]  Rule 8015 stays the time for filing a notice of

appeal until an order is entered disposing of the motion, but only if the motion

was timely filed.[5]  Here, neither post-judgment motion was filed within ten days

of February 21, 2001, and thus neither preserves the district court order for

appellate review.

We also lack jurisdiction to review the Notice of Non-Discharge entered

June 29, 2001, in the bankruptcy proceeding, although not for the reasons

advanced by BCORP.[6]  The district courts enjoy original appellate jurisdiction

---

[4]        Unless the district court or the bankruptcy appellate
        panel by local rule or by court order otherwise provides,
        a motion for rehearing may be filed within 10 days after
        entry of the judgment of the district court or the
        bankruptcy appellate panel.  If a timely motion for
        rehearing is filed, the time for appeal to the court of
        appeals for all parties shall run from the entry of the
        order denying rehearing or the entry of a subsequent
        judgment.

Fed. R. Bankr. P. 8015.  *See also Aycock v. Eaton (In re Eichelberger),* 943 F.2d
536 (5th Cir. 1991).  When a district court sits as an appellate court in a
bankruptcy case, "Bankruptcy Rule 8015 provides the sole mechanism for filing a
motion for rehearing . . . ."  *Id.* at 538.

[5]*See also* Fed. R. App. P. 6(b)(2)(A)(i):  "If a timely motion for rehearing
under Bankruptcy Rule 8015 is filed, the time to appeal for all parties runs from
the entry of the order disposing of the motion."

[6]BCORP asserts we lack jurisdiction because the notice of appeal was not
timely filed.

over "final judgments, orders, and decrees" of bankruptcy courts. 28 U.S.C. § 158(a). We may only review their appellate rulings. 28 U.S.C. § 158(d). Because Mr. Lobb failed to first appeal the bankruptcy court order to the district court, we are without jurisdiction to consider the matter.

We do have jurisdiction over the appeal of the district court's denial of Mr. Lobb's second post-judgment motion (Petition for Rehearing Seeking Reconsideration) seeking rehearing of the court's February 21, 2001 decision.[7] The district court entered its order August 28, 2001. Mr. Lobb timely filed his notice of appeal September 27, 2001.[8] For reasons to which we now turn, we find his appeal meritless and dismiss it.

"Rule 8015 is silent as to the standard for granting a rehearing, but granting a motion for reconsideration is within the discretion of the court whose order is subject to the motion." *Shawnee State Bank v. First Nat'l Bank of Olathe (In re Winders*, 202 B.R. 512, 517 (Bankr. D.Kan. 1996). "Bankruptcy Rule 8015 is silent as to the appropriate standard for granting relief. However, because Rule 8015 was derived from Fed. R. App. P. 40, it is appropriate to look to the appellate rule for guidance." *Olson v. United States*, 162 B.R. 831, 834 (Bankr.

---

[7]The record is silent as to why the district court considered this motion, given the language of Fed. R. Bankr. P. 8015, requiring the motion be filed "within 10 days after entry of the judgment of the district court . . . ."

[8]Notice of appeal must be filed within thirty days of entry of the appealed order. Fed. R. App. P. 6(b)(1), 4(a)(1)(A) and 3(a).

D.Neb. 1993) (citing to 9 *Collier on Bankruptcy* ¶ 8-15.04 at 8015-4 (15th ed. 1993)); *see* Fed. R. Bankr. P. 8015 (Advisory Committee Notes). "Petitions for rehearing under Fed. R. App. P. 40(a) are permitted to enable parties to notify, and to correct, errors of fact or law on the issues already presented; they are not meant to permit parties to assert new grounds for relief." *Sierra Club v. Hodel,* 848 F.2d 1068, 1100-01 (10th Cir. 1988) (per curiam). After careful review of the record, and adopting the reasoning of the district court, we conclude Mr. Lobb did not meet the enunciated test and the district court did not abuse its discretion in denying his second post-judgment motion under Fed. R. Bankr. P. 8015.

The district court's order of August 28, 2001, denying rehearing is **AFFIRMED**. The other issues raised in the notice of appeal are dismissed for lack of jurisdiction.

> **Entered by the Court:**
>
> **TERRENCE L. O'BRIEN**
> United States Circuit Judge