**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re: MEDICAL MANAGEMENT
GROUP, INC.,

Debtor.

---

STATE OF OKLAHOMA, ex rel.
Oklahoma State Department of Health,

Appellant,

v.

MEDICAL MANAGEMENT GROUP,
INC.; OKLAHOMA EMPLOYMENT
SECURITY COMMISSION; KITT
WAKELEY; JOEL C. HALL,
Chapter 7 Trustee,

Appellees.

No. 03-6240
(D.C. No. 02-CV-1191-L)
(W.D. Okla.)

---

ORDER AND JUDGMENT [*]

---

Before **SEYMOUR** and **ANDERSON**, Circuit Judges, and **KANE**,[**] Senior
District Judge.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this bankruptcy proceeding, the Oklahoma State Department of Health (ODH) unsuccessfully sought to have the trustee abandon several bank accounts belonging to the debtor, Medical Management Group, Inc. (MMGI), arguing MMGI did not rightfully possess the funds in those accounts. In this appeal, ODH challenges only the bankruptcy court's decision not to reconsider that decision denying abandonment, in light of ODH's newly discovered evidence. We conclude the bankruptcy court did not abuse its discretion in denying ODH this post-judgment relief.

In June 1999, ODH appointed Kit Wakeley, an MMGI corporate officer, to manage several nursing homes temporarily. *See generally* Okla. Stat. tit. 63, § 1-1914.2 (providing for temporary nursing home managers). Wakeley operated these facilities through MMGI. *See* Aplt. App. at 81-82. This included depositing the nursing homes' funds into MMGI's bank accounts. *See id.* at 96-97. In May 2000, ODH relieved Wakeley from managing these facilities,

after federal authorities, as part of a criminal investigation, seized records from MMGI and the nursing homes Wakeley had managed. *See id.* at 91-93, 102.

Wakeley then provided ODH with an accounting of the financial transactions occurring during his temporary management. *See* Okla. Stat. tit. 63, § 1-1914.2(L)(2) (requiring temporary manager to provide ODH with complete accounting thirty days after being released). Deeming his accounting to be inadequate, however, ODH began administrative proceedings against Wakeley. As part of those proceedings, a state administrative law judge (ALJ) ordered Wakeley to turn over all nursing home funds he still possessed to the nursing homes' new temporary manager. Wakeley, however, did not do so. Those funds, then, remained in MMGI's bank accounts. The ALJ subsequently held that Wakeley had failed to meet his burden of showing he had "properly accounted for all funds that came into his possession and control as temporary manager" of the nursing homes, "ha[d] not shown that all expenditures were reasonable and proper," "failed to turn over the funds in his possession and control . . . and refused to comply with [ODH's] lawful orders." Aplt. App. at 142. The ALJ, therefore, denied Wakeley any management fees and further authorized a state-court action against him "for contempt of court for willfully violating [ODH's] lawful orders . . . and for damages for breach of fiduciary duty and gross negligence," *id.*, for which Wakeley would be personally liable, *see id.* at 136.

Wakeley, as well as MMGI, appealed the ALJ's decision to an Oklahoma state court.

Just before its state-court brief was due, however, MMGI instead filed for bankruptcy relief, staying those state-court proceedings against MMGI. At the time it filed bankruptcy, MMGI's assets included essentially only the bank accounts containing the nursing homes' funds. According to MMGI, however, it had incurred its current debts on behalf of those nursing homes. ODH, nevertheless, moved the bankruptcy court to dismiss these funds from the bankruptcy estate, arguing, *e.g.*, that they belonged, not to MMGI, but to the nursing homes. The bankruptcy court denied this motion, ruling the funds were properly part of the bankruptcy estate, and that ODH had "failed to produce sufficient evidence to support its allegation that the funds . . . should be excluded from the debtor's estate. The ultimate disposition of the funds should be determined by this court in the exercise of its bankruptcy jurisdiction." *Id.* at 202. ODH does not specifically challenge that decision.

Within ten days of that order, ODH filed a motion asking the bankruptcy court to reconsider its decision, based upon newly discovered evidence.[1] ODH

_____

[1]   In that motion, ODH asked the bankruptcy court to 1) reconsider its decision denying abandonment; and 2) dismiss MMGI's bankruptcy petition as filed in bad faith. The bankruptcy court noted that, although ODH had not previously argued that MMGI had filed its bankruptcy petition in bad faith, the

(continued...)

-4-

filed this motion under, *e.g.*, Bankr. R. 9023, which incorporates Fed. R. Civ. P. 59 into bankruptcy proceedings. *See* Aplt. App. at 204. After conducting a hearing, the bankruptcy court denied reconsideration. It is from this decision that ODH now appeals.

Although the district court affirmed the bankruptcy court's determination, our review focuses only on the bankruptcy court's decision. *See, e.g., Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1127 (10th Cir. 2004) (reviewing under same standard as district court used). We review that decision only for an abuse of discretion. *See, e.g., Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (applying Bankr. R. 9023); *see also, e.g., Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) (applying Fed. R. Civ. P. 59(e)).

> An abuse of discretion is one that is grossly unsound, unreasonable, or illegal. Discretion invested in judges results in a decision based upon what is fair in the circumstances and guided by the rules and principles of law. It is the court's power to act,

---

[1](...continued)
court would, nonetheless, treat this motion as one seeking only to amend the court's earlier decision denying abandonment. *See generally Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001) (noting reconsideration motion is not opportunity to raise new arguments that could have been previously argued). ODH does not dispute the bankruptcy court's characterizing its motion in this manner. *See generally Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997) (treating motion, filed within ten days of earlier judgment and questioning that judgment's correctness, as Fed. R. Civ. P. 59(e) motion, regardless of how movant styled that motion).

rightfully exercised, when a litigant is not entitled to demand the act as a matter of right. An abuse of discretion occurs when a judicial determination is arbitrary, capricious or whimsical. It is not merely an error of law or judgment, but an overriding of the law by the exercise of manifestly unreasonable judgment or the result of partiality, prejudice, bias or ill-will as shown by the evidence or the record of proceedings. . . .

Reversal is mandated only where there is both an abuse of discretion and actual prejudice. An abuse of discretion occurs where the trial judge fails to articulate a reason for his decision and no such reason is readily apparent from the record or articulates a reason which has no basis in fact or the reason so articulated is contrary to law. The reason given, however, need not be one that is agreeable to the reviewing court.

*Bueno v. United States Bankr. Ct. (In re Bueno)*, 248 B.R. 581, 582-83 (D. Colo. 2000).

As new evidence warranting relief from judgment, ODH submitted to the bankruptcy court an indictment charging E.W. "Dub" Jiles with bribing ODH officials in order to have ODH appoint, as temporary nursing home managers, entities and individuals Jiles controlled, including Wakeley and MMGI. The bankruptcy court did not abuse its discretion in denying post-judgment relief based upon this indictment, after determining that the indictment's allegations were not, themselves, evidence, and noting ODH had previously been well aware of the ongoing criminal investigation.

ODH also supported its reconsideration motion with documents indicating that ODH had appointed Wakeley, and not MMGI, as temporary manager.

*See, e.g.,* Aplt. App. at 205. This evidence, however, had been in ODH's files long before the bankruptcy court denied the abandonment motion. ODH does not dispute that, but instead argues that this evidence's relevance did not become clear until after the bankruptcy court had denied ODH's abandonment motion. *See, e.g., id.* at 209. This court, however, has previously rejected similar arguments. *See Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994).

Moreover, throughout these bankruptcy proceedings, no one has ever disputed that ODH had appointed Wakeley, rather than MMGI, as temporary manager. Even if ODH had been diligent in looking for this evidence in its files, therefore, the bankruptcy court would still not have abused its discretion in denying post-judgment relief. *See Barber v. Griffin (In re Barber)*, 191 B.R. 879, 886 (D. Kan. 1996) (denying motion to reconsider where additional facts did not strengthen movant's position or otherwise undermine basic premise of bankruptcy court's challenged decision).

The bankruptcy court, therefore, did not abuse its discretion in denying ODH's motion to amend the earlier judgment. *See Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523-24 (10th Cir. 1992); *see also, e.g., Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119-20 (11th Cir. 1999). Nor did the bankruptcy court abuse its discretion in denying further discovery or an evidentiary hearing. *See Webber*, 43 F.3d at 1345; *cf. United States v.*

*8136 S. Dobson St.*, 125 F.3d 1076, 1086 (7th Cir. 1997) (noting district court had substantial discretion in determining whether or not to conduct evidentiary hearing on Fed. R. Civ. P. 60(b) reconsideration motion; holding district court did not abuse its discretion in denying hearing where court permitted movant to file any evidence he wanted to support reconsideration motion).

ODH also requests this court permit it to supplement the current appellate record. The record before this court already properly includes the materials ODH presented supporting its motion to amend, filed with the bankruptcy court, and a motion for remand, filed with the district court. *See* Fed. R. App. P. 10(a) (providing record on appeal includes "the original papers and exhibits filed in the district court"); 10th Cir. R. 10.3(D)(2) (requiring that, "[w]hen the appeal is from an order disposing of a motion[,] . . . supporting documents . . . filed in connection with that motion . . . must be included in the record"); *see also Crefisa, Inc. v. Wash. Mut. Bank, F.A. (In re Colonial Mortgage Bankers Corp.)*, 186 F.3d 46, 50 (1st Cir. 1999). There is, then, no need to supplement the record further with these materials. We deny ODH's motion, however, to the extent the agency seeks to supplement the appellate record with matters not presented to either the bankruptcy or district court. *See, e.g., United States v. Kennedy*, 225 F.3d 1187, 1191-92 (10th Cir. 2000).

For similar reasons, the district court did not err in denying ODH's motion seeking a remand so the bankruptcy court could consider still additional evidence involving Jiles' later guilty plea to a federal bribery charge. *See In re Colonial Mortgage Bankers Corp.*, 186 F.3d at 49-50; *see also United Bank of Denver Nat'l Ass'n v. Potter (In re Potter)*, 131 B.R. 164, 165-66 (D. Colo. 1991) (suggesting it would be appropriate to look to Fed. R. App. P. 10 for guidance in bankruptcy-appeal context).

We, therefore, AFFIRM the district court's decision upholding the bankruptcy court's denying ODH reconsideration. And we DENY ODH's motion to supplement the appellate record with materials not before the bankruptcy or district court. In addition, we DENY Wakeley's request for fees and costs, asserted in a single sentence at the end of his brief, without referring to any supporting authority. *See, e.g., Smith v. Kitchen*, 156 F.3d 1025, 1030 (10th Cir. 1997) (holding this court cannot award fees and costs under Fed. R. App. P. 38, against party for filing frivolous appeal, asserted in brief, without separate motion).

Entered for the Court

John L. Kane
District Judge